

Order Entered.

David L. Bissett
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BERTHA MARIE WEBB, ) | Case No.: 1:19-bk-00969 |
| ) | |
| Debtor. ) | Chapter 13 |
| _____) | |
| ) | |
| BERTHA MARIE WEBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | AP No.: 1:21-ap-00014 |
| ) | |
| INTERNAL REVENUE SERVICE, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## MEMORANDUM OPINION

The Internal Revenue Service ("IRS") seeks dismissal of the complaint filed against it by Bertha Marie Webb (the "Debtor") for failure to state a claim upon which relief can be granted. The IRS contends that the court must dismiss the Debtor's complaint requesting damages for violation of the Court's confirmation order because the Debtor's plan, and the court's confirmation order, do not prohibit offset complained of by the Debtor. The Debtor opposes the motion. She contends that she stated a plausible claim for contempt based upon the IRS's offset of the Debtor's post-petition tax refund against tax claims treated in the confirmed plan.

For the reasons stated herein, the court will grant the motion to dismiss for failure to state a claim.

### I.    STANDARD OF REVIEW

Under Federal Rule of Civil Procedure 12(b)(6), a party may seek to dismiss a complaint against it when the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ.

1

P. 12(b)(6); Fed. R. Bankr. P. 7012(b). When evaluating a motion to dismiss, the court must (1) construe the complaint in a light favorable to the non-movant, (2) accept the factual allegations in the complaint as true, and (3) draw all reasonable inferences in favor of the plaintiff. 2 *Moore's Federal Practice – Civil* § 12.34 (2018). After undertaking these steps, the claim for relief must be "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bonds v. Leavitt*, 629 F.3d 369, 385 (4th Cir. 2011) (quoting *Twombly*, 550 U.S. at 570 (2007)). In determining a motion to dismiss, the court is not adjudicating whether a plaintiff will ultimately prevail on the merits of the complaint; it is only determining if the plaintiff is entitled to offer evidence to support the claims. *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011). In the Fourth Circuit, this standard requires the plaintiff to articulate facts that, when accepted as true, show a plausibility of entitlement to the relief sought. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Failure to meet this standard results in dismissal of the complaint. *Id.*

## II.    BACKGROUND

The relevant facts are uncontested. On November 11, 2019, the Debtor filed a Chapter 13 bankruptcy. In the Debtor's schedules, she listed federal income taxes owed for the years 2013 and 2018. The Debtor filed her Chapter 13 plan the same day. The IRS later filed a proof of claim for the 2018 taxes combined with estimated taxes owed for tax year 2019 in the total amount of $14,427.89, for which it contends it is entitled to priority under 11 U.S.C. § 507(a). The proof of claim explicitly stated that "All rights of setoff are preserved and will be asserted to the extent lawful." It further included a general unsecured claim of $9,936.30 for the 2013 taxes. On February 29, 2021, the court confirmed the plan in its current form, which treated the IRS's claim for the 2018 and 2019 taxes as a priority claim to be paid in full through the terms of the plan.

On March 15, 2021, the IRS seized the Debtor's 2020 income tax refund and applied it to post-petition taxes for 2019, which according to a May 11, 2021 amended proof of claim totaled $4,366.00 plus interest. The Debtor further alleges that the IRS has sent at least two collection letters to collect the remainder of the 2019 taxes owed.[1] On June 21, 2021, the Debtor filed this

---

[1] While the Debtor does not adequately plead facts regarding the letters as they relate to contempt, the court notes that the plan is silent as to collection and no other violation of the Bankruptcy Code is alleged.

action, requesting that the court hold the IRS in contempt of the confirmed plan, seeking return of the refund and damages.

### III.    DISCUSSION

The IRS asserts dismissal is appropriate because the Debtor failed to adequately state a cause of action. Specifically, the IRS contends that the collection the Debtor complains of is not prohibited by the Debtor's plan or the court's confirmation order. As a result, the IRS argues that the Debtor fails to state a plausible claim for contempt. The Debtor concedes that the plan and confirmation order did not explicitly prohibit offset but she nonetheless argues that she adequately stated an action for contempt because the plan does not explicitly permit offset under the Treasury Offset Program ("TOP"). For support, she relies on *In re Ealy*, in which the court denied the IRS relief from the automatic stay to offset a post-petition tax refund against post-petition taxes owed. 392 B.R. 408 (Bankr. E.D. Ark. 2008). The IRS instead relies upon *In re Pugh* in which the court, in examining *In re Ealy*, held that a plan "cannot force payment of a refund unauthorized by tax law to a debtor while taxes are unpaid." Notably, the Debtor only seeks relief for contempt of the court's confirmation order.[2] The inquiry is accordingly whether contempt can be found where the order allegedly violated was silent as to the purportedly violative activity.

Congress explicitly conferred contempt powers on bankruptcy courts through 11 U.S.C. § 105(a). *In re Walters,* 868 F.2d 665, 670 (4th Cir. 1989). As recently stated by the Fourth Circuit in *Life Techs. Corp. v. Govindaraj*, a court generally cannot exercise its contempt power when there is a reasonable doubt as to the wrongfulness of the conduct in question. 931 F.3d 259, 267-68 (4th Cir. 2019) (citing *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1801 (2019)). An order of contempt is a serious reprimand and is appropriate only in the case of a deliberate violation in the face of succinct directions to the contrary. *See Gascho v. Glob. Fitness Holdings, LLC*, 875 F.3d 795, 800 (6th Cir. 2017) (a court's exercise of contempt is "reserved for those who fully understand the meaning of a court order and yet choose to ignore its mandate.") (citing *Int'l Longshoremen's*

---

[2] Of specific importance to this analysis is that Debtor's plan is silent as to IRS treatment of tax refunds. The Debtor has conceded this fact. This court recently analyzed application of TOP, 26 U.S.C. § 6402, to bankruptcy proceedings in *Lockhart v. Jackson (In re Lockhart)*, No. 1:20-ap-38, 2021 Bankr. LEXIS 1698 (Bankr. N.D.W. Va. June 24, 2021). However, that case addressed TOP refund interception in order to offset the debtor's stimulus relief against child support arrearages and its application under context of the automatic stay. *Id*. While TOP is involved here, the court need not discuss the legality of the IRS's actions because the Debtor only alleges the actions constituted contempt of the confirmation order. Instead, this court is now faced with the question as to whether the IRS can be held in contempt of the confirmation order when the plan is silent as to the interception of a post-petition tax refund.

*Ass'n v. Phila. Marine Trade Ass'n*, 389 U.S. 64, 76 (1976)). Under the *Taggert* standard, a creditor is only to be held in contempt where the "prohibited action requiring such a remedy is clear to both parties involved." 139 S. Ct. at 1802 (citing *Schmidt v. Lessard*, 414 U.S. 473, 476 (1974)).

In Chapter 13, a bankruptcy court's order confirming a proposed Chapter 13 plan is a final and binding judgment. *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010). Further, the confirmation of a plan acts as *res judicata* for all matters actually litigated and addressed in the plan. *Torres Martinez v. Arce (In re Martinez)*, 397 B.R. 158, 168 (B.A.P. 1st Cir. 2008); *see Allen v. McCurry*, 449 U.S. 90, 94 (1980). Once confirmed, the provisions of the plan are binding on the debtor and all creditors. *Torres Martinez*, 397 B.R. at 165; *In re Conley*, No. 97-16705-SSM, 2000 Bankr. LEXIS 2026, at *6 (Bankr. E.D. Va. Sep. 28, 2000); 8 Collier on Bankruptcy P 1327.02 (16th 2021).

The proposition that the plan is binding for all matters actually litigated also supports the opposite interpretation of § 1327 of the Bankruptcy Code—that a creditor is not bound where the plan is silent. *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995); *see New Hampshire v. McGrahan (In re McGrahan),* 459 B.R. 869 (B.A.P. 1st Cir. 2011); *Enewally v. Wash. Mut. Bank (In re Enewally)*, 368 F.3d 1165 (9th Cir. 2004). Specifically, the *Enewally* court held a chapter 13 plan is not binding as to matters which are "not sufficiently evidenced in a plan to provide adequate protection to the creditor." 368 F.3d at 1172-73. Similar to the case at bar, the *McGrahan* court held that the state Department of Health and Human Services could not be held in contempt for seizing tax refunds when the plan did not specifically address that right. 459 B.R. at 875. Because the plan was silent as to the right to intercept tax refunds, "[t]hat silence cannot be interpreted as implicitly prohibiting [interception]." *Id.* Recently in this Circuit, a court held that it could not find contempt where the defendant creditors relied on an interpretation of the plan which was "objectively reasonable." *Newrez, LLC v. Beckhart*, No. 7:20-CV-192-BO, 2021 WL 3361707, at *3 (E.D.N.C. July 6, 2021).

Here, the court finds that the Debtor's plan, and thus the court's confirmation order, was silent as to the IRS's collection activity complained of by the Debtor. Where the terms of the plan were silent as to whether the IRS could offset a tax return otherwise permitted by applicable non-bankruptcy law, it cannot be said that the plan properly apprised the IRS that the conduct supporting the Debtor's complaint was prohibited by the confirmation order. Accordingly, the matter was not "actually litigated" and cannot bind the IRS. This court need not now address the

legality of the offset, but only whether it was permissible as outlined by the terms of the confirmation order. Although the plan and confirmation order did not explicitly permit TOP offset, the Debtor conceded that the plan and confirmation order did not prohibit it. Because TOP otherwise allows the IRS to engage in this collection outside bankruptcy and the plan and confirmation order did not otherwise prohibit it, there is nothing supporting a finding that the IRS was adequately on notice that it could not intercept the refund, which is a necessary finding to support the drastic result of holding the agency in contempt of the confirmation order. Even construing the facts in the light most favorable to the Debtor, without this explicit prohibition the IRS cannot be held to have acted in deliberate breach of the confirmation order.

## IV.    CONCLUSION

Because the plan fails to address the permissibility of the IRS's offset of a post-petition tax refund, the Debtor has failed to show a plausibility of entitlement to the relief sought. Accordingly, the IRS's motion to dismiss is granted. Consistent with Fed. R. Civ. P. 58, made applicable by Fed. R. Bankr. P. 7058, the court will enter a separate order granting the IRS's motion to dismiss.